IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **SHARON MANNING,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:23-CV-2576-L** |
| | § | |
| **KROGER TEXAS, LP,** | § | |
| | § | |
| Defendant. | § | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

On January 26, 2024, the court identified a jurisdictional deficiency in Defendant's Notice of Removal regarding the amount in controversy and directed Defendant Kroger Texas, LP ("Defendant") to file an amended notice of removal by February 9, 2024, that cured this deficiency. *See* Doc. 6. The court also warned that Defendant's failure to file an amended notice of removal that cured this deficiency would result in the *sua sponte* remand of this action to state court for lack of subject matter jurisdiction. For the reasons herein explained, the court *sua sponte* **remands** this action to state court for lack of subject matter jurisdiction based on its determination that the jurisdictional matter previously identified has not been cured.

For diversity purposes, the amount in controversy normally is determined by the amount sought on the face of the plaintiff's pleadings, so long as the plaintiff's claim is made in good faith. 28 U.S.C. § 1446(c)(2); *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014) (citation omitted). When, as here, the plaintiff does not allege a "specific amount of damages," but instead alleges a range of damages, the removing defendant has the burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $75,000. *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *Allen v. R & H Oil*

*& Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) (citing *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir.1993) (*De Aguilar I*)); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408-09 (5th Cir. 1995) (*De Aguilar II*) ("[S]trictly speaking, plaintiffs have not alleged a specific amount of damages, as the amount they claim can range from $1 to $50,000.") (citing and quoting *De Aguilar I*, 11 F.3d at 58).  Likewise, evidence establishing that the amount in controversy exceeds $75,000 is necessary when the court questions the amount in controversy allegation.  *Dart*, 574 U.S. at 87-88.

The defendant can satisfy this burden by: (1) demonstrating that it is facially apparent from the plaintiff's petition that the claims likely exceed $75,000, or (2) "by setting forth the *facts* in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount."  *Allen*, 63 F.3d at 1335 (citation omitted).  "Removal, however, cannot be based simply on conclusory allegations" that are unsupported by facts, and "under any manner of proof, the jurisdictional facts that support removal must be judged at the time of removal" such that "any post-petition affidavits are allowable only if relevant to that period of time."  *Id.* (citation omitted).

Defendant's original Notice of Removal, which was filed November 21, 2023, relied solely on Plaintiff's Petition and formulaic request for damages that are commonly included in state court petitions in slip-and-fall or "trip and fall"[1] cases such as this without setting forth sufficient facts in controversy that would support a finding that the amount in controversy is satisfied. Defendant correctly noted that Plaintiff alleges a range of monetary relief of more than $250,000 but not more than $1,000,000. In its January 26, 2024 Order and Notice of Deficiency, however, the court

---

[1] Pl.'s Pet. ¶ 7.

**Memorandum Opinion and Order – Page 2**

explained that it is not facially apparent from Plaintiff's pleadings that any recovery would likely exceed $75,000 given the conclusory nature of her allegations.

Specifically, Plaintiff has asserted claims based on tort theories of premises liability, negligence, and gross negligence under Texas.  In support of these claims, she merely alleges in conclusory fashion that, on July 9, 2022, she "was walking to the self-checkout line within Defendant's property" and "suddenly slipped and fell on a wet residue on the floor."  Pl.'s Pet. ¶ 8.  Plaintiff further alleges that she suffered multiple "injuries causing [her] great pain, and necessitated [her] to seek medical attention and treatments" after she "slipped and fell on a wet residue on the floor."  Order 3 (Doc. 6) (quoting Pl.'s Pet. ¶¶ 2, 8, 12). In addition, she alleges that she is entitled to recover damages for the following:

    a. Physical pain and suffering, in the past and future;

    b. Mental anguish, in the past and future;

    c. Physical impairment, in the past and future;

    d. Diminished capacity to enjoy life and society, in the past and future;

    e. Reasonable and necessary medical expenses, in the past and future; and

    f. Lost wages and loss of earning capacity.

Pl.'s Pet. ¶ 12.  The court, however, previously explained that it could not quantify the potential monetary value of Plaintiff's claims absent facts regarding the nature and extent of her injuries and losses.

In its Amended Notice of Removal, Defendant continues to rely on the range of damages alleged in Plaintiff's Petition and Plaintiff's formulaic request for various types of damages.  It also relies on Plaintiff's Responses to Defendant's Request for Disclosures ("Plaintiff's Initial Disclosures), which were served by Plaintiff on December 15, 2023, twenty-four days after this

action was removed to federal court. Based on the foregoing, Defendant alleges in its Amended

Notice of Removal that the amount in controversy is satisfied because:

> Plaintiff judicially admits in her Original Petition that she is seeking damages over $250,000 but not more than $1,000,000. Specifically, Plaintiff seeks damages for past and future medical expenses, pain and suffering, mental anguish, physical impairment, diminished capacity to enjoy life, and loss of earning capacity. In Plaintiff's Initial Disclosures to Defendant, Plaintiff states she seeks $41,598.25 in past medical expenses and $18,900.00 in future medical expenses. In addition to the $60,198.25 in economic damages Plaintiff claims to seek, she also seeks damages for physical pain and suffering in the past and future, mental anguish in the past and future, physical impairment in the past and future, and diminished capacity to enjoy life and society in the past and future. As a result, the amount in controversy in this case exceeds $75,000.00, exclusive of interest and costs, and this case is removable.

Def.'s Am. Notice 3 (footnotes omitted).

Even assuming that the information in Plaintiff's Initial Disclosures existed at the time this

action was removed to federal court, it does not support a finding that the amount in controversy

in this case more likely than not exceeds $75,000. According to Plaintiff's Initial Disclosures, her

$60,198.25 in economic damages include not only damages for past and future medical expenses,

but also damages for "pain management." Def.'s Ex. 5 at 5. Plaintiff admits that she is no longer

"making a claim for lost wages." *Id*.

Additionally, there are no allegations in her Petition that would support claims for gross

negligence or mental anguish under Texas law, and the Fifth Circuit has made clear that removal

"cannot be based simply upon conclusory allegations."[2] *Felton v. Greyhound Lines, Inc.*, 324 F.3d

---

[2] To recover mental anguish damages in Texas, there must be direct evidence "of the nature, duration, or severity of [the] plaintiff's anguish, thus establishing a substantial disruption in the plaintiff's daily routine, or other evidence of a high degree of mental pain and distress that is more than mere worry, anxiety, vexation, embarrassment, or anger." *Pay & Save, Inc. v. Martinez*, 452 S.W.3d 923, 929-30 (Tex. App.—El Paso 2014, pet. denied) (citing *Parkway Co. v. Woodruff*, 901 S.W.2d 434, 444 (Tex. 1995)) (other citations omitted). Plaintiff is not required to come forward with evidence at the pleading stage. As noted, however, her Petition contains *no* factual allegations that would support an award for mental anguish damages. Accordingly, any reliance by Defendant on Plaintiff's request for mental anguish damages to show that the requisite amount in controversy is satisfied for purposes of diversity jurisdiction is misplaced and insufficient to satisfy its burden as the removing party.

771, 774 & n.11 (5th Cir. 2003) (quoting *Allen*, 63 F.3d at 1335). There are also no allegations or evidence from which the court can quantify any damages that Plaintiff might be entitled to recover for alleged "physical impairment" (past and future) and "diminished capacity to enjoy life and society" (past and future). Pl.'s Pet. ¶ 12. Like her Petition, Plaintiff's Initial Disclosures does not provide any information regarding the nature or extent of her alleged injury, the extent of any physical impairment, or how the alleged injury has diminished her "capacity to enjoy life and society." *Id.* As Plaintiff only seeks relief based on Texas tort theories, she is not entitled to recover attorney's fees that could be considered in determining the amount in controversy.

Thus, at most, Plaintiff's Petition and Initial Disclosures only support a finding that the amount in controversy totals $60,198.25, which is less than the jurisdictional threshold required to establish diversity jurisdiction. Accordingly, it is not facially apparent from Plaintiff's pleadings that the amount in controversy is satisfied, and Defendant's new evidence is insufficient to show that the amount in controversy requirement for diversity jurisdiction is met. If Plaintiff's medical expenses had been closer to the $75,000 threshold, it might have been reasonable to assume that, if she prevailed on her claims, she would more likely than not be entitled to additional damages that would result in her total monetary relief exceeding $75,000. Such is not the case here, however, given the court's determination that Defendant's evidence only establishes damages totaling $60,198.25. Moreover, this is so even though approximately one and one-half years has passed since Plaintiff allegedly fell and was injured on July 9, 2022. Consequently, Defendant has not met its burden as the removing party of establishing that the amount in controversy exceeds $75,000.

As Defendant's Amended Notice of Removal fails to cure the jurisdictional deficiency previously identified regarding the amount in controversy required for diversity jurisdiction, the

court *sua sponte* **remands** this action for lack of subject matter jurisdiction to the 116th Judicial District Court, Dallas County, Texas, from which it was removed and **directs** the clerk of court to **effect** the remand in accordance with the usual procedure.

      **It is so ordered** this 7th day of May, 2024.

Sam A. Lindsay
United States District Judge